**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SUNDAY UWUMAROGIE,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**BOARD OF EDUCATION OF THE CITY OF CHICAGO,** *et al.*,<br><br>        **Defendants.** | **Case No. 13 C 1440**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Joint Partial Motion to Dismiss. For the reasons stated herein, the Motion is granted in part and denied in part.

**I.  BACKGROUND**

This case arises out of various disciplinary measures imposed on Plaintiff Sunday Uwumarogie (the "Plaintiff") by his former employer, the Board of Education of the City of Chicago (the "Board"). Pursuant to a contract with the Board, Plaintiff served as principal of Eugene Field School with a contract term of July 1, 2008 to June 30, 2012. The trouble began in the summer of 2009, when one of Plaintiff's teachers complained to the Board, during a public meeting, that Plaintiff's administration was to blame for an educational crisis at the Field School. A few months later, in September 2009, Plaintiff delivered a slideshow presentation to faculty and other school employees at a mandatory staff meeting.

Perhaps in response to the public comments about his administration, Plaintiff expressed his hope that teachers at the Field School would adopt a collaborative, teamwork-oriented approach to solving the school's problems. One of the attendees found Plaintiff's statements intimidating and complained to the Chicago Teacher's Union. The Board commenced a formal investigation, and nearly a year later, on August 27, 2010, it issued a "Warning Resolution" and suspended Plaintiff for fifteen (15) days.

Plaintiff sought administrative review of the Board's decision in Illinois state court. The suspension was affirmed by the Circuit Court of Cook County and the Illinois Appellate Court. *See, Uwumarogie v. Chicago Public Schools,* No. 1-11-2558, 2014 IL App. (1st) 112558-U (Ill. App. Ct. May 7, 2014) (unpublished opinion).

In an unrelated incident, two female students complained that Plaintiff sexually harassed them – allegations that Plaintiff denies. Defendant Michael Mahone investigated the allegations and questioned Plaintiff, allegedly without providing him with a written copy of the charges against him. Defendant Sylvia Soto aided the investigation. A few days later, on April 6, 2011, Plaintiff was removed from his responsibilities as principal and reassigned to an administrative position within the office of the Board. The next day, Defendant Deborah Esparza, one of the Board's

"Chief Officers," made this reassignment known publicly by notifying the "Local School Council" (a collection of Board employees and parent and community representatives) that Plaintiff had been reassigned temporarily until further notice.

In December 2011, the Board sent Plaintiff draft dismissal charges that accused him of several acts of misconduct, including failure to abide by the August 2010 Warning Resolution. A pre-suspension hearing was scheduled for March 6, 2012, but the record does not disclose whether that hearing took place as scheduled. By correspondence dated July 2, 2012, Plaintiff was notified that his contract as principal ended as of June 30, 2012 with the conclusion of the contract term. Following a hearing, the Board issued a resolution, which it published on the internet, accepting the findings of the hearing officer and dismissing Plaintiff from his employment with the Board.

Plaintiff brought this case on February 22, 2013. Plaintiff, assisted by counsel, was given leave to file an Amended Complaint by January 8, 2014. ECF No. 26. It appears that Plaintiff served Defendants with a copy of the Amended Complaint, because Defendants attached that document to their Motion as Exhibit A. But Plaintiff has not actually filed an Amended Complaint with the Court. Therefore, Plaintiff is instructed to file a copy of the Amended Complaint, including all exhibits, as a separate docket entry. Nonetheless, the Court will treat the exhibit as a properly-filed

Complaint for the purposes of this Motion. In that document, Plaintiff alleges that (1) the 2010 discipline violated his due process and First Amendment rights, (2) the 2011 discipline violated his due process rights, and (3) the Board breached his employment contract. Defendants have moved to dismiss the first and third charges.

## II. LEGAL STANDARD

A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III. ANALYSIS

### A. The 2010 Discipline

Plaintiff argues that the Board violated his due process and First Amendment rights when it punished him in 2010 for his remarks at the September 2009 staff meeting. Defendants move to dismiss on the ground that these claims are time-barred. While a complaint need not anticipate and overcome a statute of limitations defense, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674-75 (7th Cir. 2009).

Section 1983 does not have an express statute of limitations, so federal courts hearing such claims apply the forum state's limitations period for personal injury actions. *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for § 1983 claims is two years. *Dominguez v. Hendley,* 545 F.3d 585, 588 (7th Cir. 2008). Due process and First Amendment claims accrue when the plaintiff knows or should know that his constitutional rights have been violated. *Wilson v. Geisen,* 956 F.2d 738, 740 (7th Cir. 1992).

According to the Complaint, Plaintiff learned in August 2010 that he would be disciplined for his comments at the September 2009 staff meeting. His claim accrued at that time because he knew then of the "unreasonable delay in bringing charges" that supposedly failed to comport with due process and that he would be punished for his speech, allegedly in violation of the First Amendment. *See,* Am. Compl. ¶¶ 47, 48, 52, 53.

This August 2010 date will not work for Plaintiff because he filed suit in February 2013. To avoid dismissal, he invokes the doctrine that a series of wrongful acts creates a series of claims. In *Heard v. Sheahan,* cited by Plaintiff, the Seventh Circuit held that the plaintiff-inmate suffered a "fresh infliction of punishment" every day that prison officials "refus[ed] to treat his [medical] condition." *Heard v. Sheahan,* 253 F.3d 316, 318 (7th Cir. 2001). The plaintiff's injuries were "the consequence of a

numerous and continuous series of events," also called a "continuing violation," and thus his injury accrued on the date of the last injury, not the date of the first injury. *Id.* at 318-19. *Heard* is inapplicable because Plaintiff was punished by the Board on two separate occasions, each with a corresponding harm. This is the sort of case, discussed later in *Heard,* in which each injury is distinct and the violation cannot be deemed "continuing," and consequently the plaintiff cannot use a timely filing as to later injuries to reach back to earlier injuries that fall outside the limitations period. *Id.* at 320 (explaining that in a suit for backpay for repeated acts of wage discrimination, "the damages from each discrete act of discrimination would be readily calculable" and thus the plaintiff cannot use more recent violations to bring older violations within the limitations period). Plaintiff's August 2010 injury, the damages for which could have been calculated at that time, bears no resemblance to the continuing injury in *Heard.* Therefore, Plaintiff's claim arising from the August 2010 discipline is dismissed as untimely.

### B. Breach of Contract

Plaintiff appears to allege that Defendants breached two distinct contracts, one for his employment as principal and one known as the "Employee Discipline and Due Process Policy." In Illinois, a plaintiff complaining of breach of contract must allege four elements: (1) the existence of a valid and enforceable

contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010).

Plaintiff alleges that the Board breached his employment contract when it removed him, without cause, from his position as principal. Defendants note that some of Plaintiff's allegations might supply "cause" for his removal. But those allegations must be construed in Plaintiff's favor, and the Court cannot say that there is no set of facts under which Plaintiff could prove breach. Defendants do not contest that Plaintiff has alleged the remaining elements.

As to the Employee Disciplinary Policy, the second alleged contract, Defendants note that the Policy instructs that it "should not be construed as a contract" and "is not to be construed as containing binding terms and conditions." Employee Discipline Policy at 1, ECF No. 28, Ex. A. Defendants' failure to cite a single case enforcing such a disclaimer is disappointing, given that these types of provisions are not necessarily enforceable in Illinois. *See, Perman v. ArcVentures, Inc.,* 554 N.E.2d 982, 987 (Ill. App. Ct. 1990) (finding that a manual of personnel policies and procedures, despite its disclaimer that it was not a contract, "created enforceable contractual rights"); *but see, Border v. City of Crystal Lake,* 75 F.3d 270, 275 (7th Cir. 1996) (applying Illinois law and enforcing disclaimer in employee handbook).

Whether the Board policy at issue here created enforceable rights is a factual question not resolved properly at the motion to dismiss stage. Plaintiff has stated a right to relief that is plausible under Illinois law.

The Motion to Dismiss the contract claim is denied as to the Board. The Motion to Dismiss the individual defendants from this claim is denied as moot because the claim is asserted against the Board only.

### C. Individual Defendants

Plaintiff contends that several individually-named Defendants can be held liable for their involvement in Plaintiff's termination. Defendants Esparza, Mahone, and Soto argue that they must be dismissed from this claim because the pleading does not suggest that they were involved personally in the Board's adoption of dismissal charges. Of course, individuals can be held liable under § 1983 only if they "had some personal involvement in the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002).

According to the Complaint, Defendant Mahone investigated the incident and presented his findings to the Board. Defendant Soto aided the investigation. It appears that Defendant Esparza notified Plaintiff of the Board's decisions and then disclosed publicly that Plaintiff had been removed as principal. Plaintiff alleges that these Defendants acted in a manner that failed to

comport with due process; he contends, for example, that Defendants Mahone and Soto did not provide him with a written copy of the charges against him, and that Defendants intimidated witnesses whose truthful testimony would have exonerated him. These allegations are sufficient to give Defendants notice of the claim that they were involved personally, so the Motion to Dismiss these Defendants is denied.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Joint Partial Motion to Dismiss [ECF No. 28] is granted in part and denied in part. Plaintiff shall file a copy of the Amended Complaint, including all exhibits, as a separate docket entry.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ *(signature)*
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Date: 8/8/2014